UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. 5:22-CV-_____

GAIL S. LEWIS                                                                    PLAINTIFF

v.                                        **NOTICE OF REMOVAL**

WAL-MART STORES EAST, LIMITED                                   DEFENDANT
PARTNERSHIP

* * * * *

Defendant, Wal-Mart Stores East, Limited Partnership ("Walmart"), by counsel, states as follows in support of its removal of this action:

1.      There was an action commenced which is now pending in the Madison Circuit Court, Division II, Civil Action No. 22-CI-00346, in which the above-named Gail S. Lewis is the Plaintiff and Wal-Mart Stores East, Limited Partnership is the Defendant.  (*See* Plaintiff's Complaint, attached as Exhibit 1).

2.      Wal-Mart Stores East, Limited Partnership has a general partner, WSE Management, LLC, and a limited partner, WSE Investment, LLC, both of which are Delaware limited liability companies whose sole member is Wal-Mart Stores East, LLC.  Wal-Mart Stores East, LLC is now and was at the time of the commencement of this action and at all times pertinent hereto, a wholly owned subsidiary of Walmart Inc.  Walmart Inc. is the only member of Wal-Mart Stores East, LLC.  Walmart Inc. is a corporation organized and incorporated under the laws of Delaware with its principal place of business located in Arkansas.  For these reasons, Wal-Mart Stores East, Limited Partnership is now and was at the time of the commencement of this action, and at all times pertinent hereto, a citizen of the states of Delaware and Arkansas and not a citizen of Kentucky.  (*See* Exhibit 2).

4.      Plaintiff, Gail Lewis, is now and was at the time of the commencement of this action, and at all times pertinent hereto, a citizen and resident of the Commonwealth of Kentucky, and not a citizen or resident of Delaware or Arkansas.  (*See* Exhibit 1).

5.      This is a personal injury case.  In Plaintiff's Complaint, Plaintiff claims she slipped and fell on a loose grape at the Berea Walmart on October 1, 2021, causing her injury.  (*See* Exhibit 1).  As a result, Plaintiff claims she suffered "personal injuries of a permanent nature" which caused her to sustain losses and damages by way of medical bills, pain and suffering, and loss of her ability to lead and enjoy a normal life.   Walmart could not ascertain whether this case was removable based solely on Plaintiff's Complaint.

6.      On August 31, 2022, Walmart sent Plaintiff Requests for Admissions, one of which asked Plaintiff to admit that she would not "seek damages in excess of $75,000, exclusive of interest and costs, at the trial of this matter."  (*See* Walmart's Request for Admissions, attached as Exhibit 3).

7.      On September 18, 2022, Walmart received Plaintiff's Response to Walmart's Request for Admission in which Plaintiff stated, "Deny. Plaintiff has made reasonable inquiry and the damages sought has not yet been fully determined. This Response will be supplemented pursuant to the Kentucky Rules of Civil Procedure and/or any Order of this Court. Additional categories of damages may also be identified and supplemented prior to trial."  (*See* Plaintiff's Response to Walmart's Request for Admission, attached as Exhibit 4).

8.      Based on the foregoing, Walmart has reason to believe that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. (*See* Exhibit 4).

9.      This action involves a controversy between citizens of different states, as the Plaintiff is a resident and citizen of Kentucky, while Wal-Mart Stores East, Limited Partnership,

is a citizen of the states of Delaware and Arkansas.  The United States District Court is given

original jurisdiction in a case in which the amount in controversy exceeds the sum of $75,000,

exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332; 28

U.S.C. § 1446.

10.    This Notice is filed within thirty (30) days of Walmart's receipt of Plaintiff's

Responses to Walmart's Requests for Admissions. This Notice of Removal is, therefore, timely

filed pursuant to 28 U.S.C. § 1446(b).

11.    Copies of all process, pleadings and orders served on Walmart as of the date of the

filing of this Notice of Removal are attached hereto as Exhibit 5.

12.    Written notice of the filing of this Notice of Removal and exhibits hereto were

served upon Plaintiff's counsel via U.S. Mail on October 14, 2022.

WHEREFORE, Defendant, Wal-Mart Stores East, Limited Partnership, prays that it may

effect the removal of this action from the Madison Circuit Court to this Court and for all other

appropriate procedures.

Respectfully submitted,

*/s/ Shaye Page Johnson*
_____
CHRISTOPHER R. CASHEN
SHAYE PAGE JOHNSON
Dinsmore & Shohl LLP
100 West Main Street, Suite 900
Lexington, KY 40507
Telephone:  (859) 425-1000
Facsimile:   (859) 425-1099
*Counsel for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, on this the 14th day of October, 2022:

Zachary M. Chesser
Morgan & Morgan, Kentucky, PLLC
333 W. Vine Street, Suite 1200
Lexington, KY  40507
*Counsel for Plaintiff*

*/s/ Shaye Page Johnson*
_____
Counsel for Defendant

26798197.1