COMMONWEALTH OF KENTUCKY
MADISON CIRCUIT COURT
DIVISION _____
CIVIL ACTION NO.: 22-CI-_____

*FILED ELECTRONICALLY*

GAIL S. LEWIS                                                                    PLAINTIFF

V.

WAL-MART STORES EAST, LIMITED PARTNERSHIP                DEFENDANT

Serve:  CT Corporation System
           306 West Main Street, Suite 512
           Frankfort, Kentucky 40601

---

## COMPLAINT

---

Comes now the Plaintiff, Gail S. Lewis, by and through the undersigned counsel, and for her

Complaint against the Defendant, Wal-Mart Stores East, Limited Partnership, states as follows:

### PARTIES

1.      At all times pertinent hereto, the Plaintiff, Gail S. Lewis, was a citizen and resident of

Rockcastle County, Kentucky residing at 370 Buttercup Road, Mount Vernon, KY 40456.

2.      At all times material hereto, the Defendant, Wal-Mart Stores East, Limited

Partnership,. was a Foreign ULPA Limited Partnership licensed to do business within the

Commonwealth of Kentucky, with its Agent for Service of Process being CT Corporation System,

306 West Main Street, Suite 512, Frankfort, Kentucky 40601

3.      At all times relevant hereto, the Defendant owned, controlled, operated, and/or

supervised the Wal-Mart #1190 located at 120 Jill Street, Berea, Madison County, Kentucky

(hereinafter "premises").

1

## JURISDICTION AND VENUE

4.     The circumstances giving rise to this Complaint took place in Madison County, Kentucky.

5.     The amount of damages sustained by the Plaintiff is in excess of the minimum jurisdictional limits of the Madison County Circuit Court.

6.     Madison County Circuit Court has jurisdiction over this matter and venue is appropriate in this County.

## GENERAL ALLEGATIONS

7.     At all times relevant hereto, the Defendant, by and through its agents, ostensible agents, servants, employees, and/or other representatives, had a duty to maintain and keep said premises safe for the use of its patrons.

8.     On or about October 1, 2021, as a direct and proximate result of the negligent acts and/or omissions of the Defendant, whether by and through its respective agents, ostensible agents, servants, employees, and/or other representatives, the Plaintiff, a business invitee, while exercising due care for her own safety, slipped on a dangerous condition created and/or not properly maintained by the Defendant, while lawfully and properly on the Defendant's premises.

9.     Specifically, the Plaintiff slipped and fell on a loose grape on the floor of the store while shopping.

10.     At the time of the fall, the aforementioned substance present on the floor caused that surface to be in an unsafe condition, and unreasonably dangerous for the Plaintiff and others visiting that area of the premises.

11.     At said time and place, the Defendant owed the Plaintiff, as a business invitee upon said premises, a duty to exercise reasonable care for her safety.

2

12.     The Defendant and its agents, ostensible agents, servants, employees, and/or other representatives breached their duty of care to the Plaintiff.

13.     As a direct and proximate result of the negligence and carelessness of the Defendant, as heretofore alleged, the Plaintiff was caused to sustain personal injuries of a permanent nature to her person. The injuries sustained by the Plaintiff resulted in the following damages:

      a.  mental and physical pain and suffering both of a temporary and permanent nature all to her damage in a sum to be determined by a jury sitting in the trial of this matter;

      b.  the expenditure of sums of money for hospital, medical and other rehabilitation expenses, and will be caused to expend such sums of money in the future in an amount to be determined by a jury sitting in the trial of this matter; and

      c.  loss of her ability to lead and enjoy a normal life, all to his damage, in a sum to be determined by a jury sitting in the trial of this matter.

**WHEREFORE**, the Plaintiff, Gail S. Lewis, demands judgment against the Defendant, Wal-Mart Stores East, Limited Partnership, as follows:

      A.  A trial by jury on all issues of fact herein;

      B.  Compensatory damages against the Defendant in a fair and reasonable amount to be determined by a jury sitting at the trial of this matter, but in an amount sufficient to confer jurisdiction on this Court;

      C.  For prejudgment interest from the date of the Plaintiff's injuries until such time the judgment is paid;

      D.  For the Plaintiff's costs herein expended; and,

      E.  For any and all other relief to which the Plaintiff is entitled.

## CERTIFICATION

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the Plaintiff as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiff as a result of this action.

The party notified is as follows:

MEDICARE
PO Box 138832
Oklahoma City, OK 73113

**RESPECTFULLY** submitted this 10th day of August 2022.

Respectfully submitted,

*/s/ Zachary M. Chesser*
ZACHARY M. CHESSER
Morgan & Morgan, Kentucky, PLLC
333 West Vine Street, Suite 1200
Lexington, Kentucky 40507
Telephone:  (859) 899-8791
Facsimile:   (859) 899-8812
zchesser@forthepeople.com
COUNSEL FOR PLAINTIFF

4